1   Peter Anderson, Esq., Cal. Bar No. 88891
        peteranderson@dwt.com
2   DAVIS WRIGHT TREMAINE LLP
    865 South Figueroa Street, Suite 2400
3   Los Angeles, CA 90017-2566
    Tel: (213) 633-6800
4   Fax: (213) 633-6899

5   Attorney for Defendants
    SONGS OF UNIVERSAL, INC.,
6   POLYGRAM PUBLISHING, INC., and
    EMI BLACKWOOD MUSIC, INC.

7

8                **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| 10  AOM MUSIC, INC., a Florida corporation, | ) Case No. 2:21-cv-07691-GW-JEM |
| 11 | ) |
| Plaintiff, | ) ANSWER TO COMPLAINT |
| 12 | ) |
| v. | ) DEMAND FOR JURY TRIAL |
| 13 | ) |
| BENITO ANTONIO MARTINEZ | ) |
| 14  OCASIO p/k/a BAD BUNNY, an individual; MARCOS EFRAIN MASIS | ) |
| 15  p/k/a TAINY, an individual; RANDY ARIEL ORTIZ ACEVEDO p/k/a RANDY, | ) |
| 16  an individual; JOEL MUNOZ p/k/a JOWELL, an individual; EDWIN ROSA | ) |
| 17  p/k/a NENGO FLOW, an individual; ORMANI PEREZ GONZALES p/k/a DJ | ) |
| 18  ORMA, an individual; RIMAS ENTERTAINMENT LLC, a Puerto Rico | ) |
| 19  limited liability company; CDA MUSIC GROUP INC. d/b/a DJ NEGRO | ) |
| 20  PUBLISHING, a Florida corporation; EMI BLACKWOOD MUSIC INC; a | ) |
| 21  Connecticut corporation; SONGS OF UNIVERSAL, INC. d/b/a RISAMAR | ) |
| 22  PUBLISHING, a California corporation; THE ROYALTY NETWORK, INC. | ) |
| 23  d/b/a TEYNOR MUSIC, a New York corporation; UNIVERSAL SONGS | ) |
| 24  OF POLYGRAM INTERNATIONAL INC., a Delaware corporation; and | ) |
| 25  DOES 1-10, inclusive; | ) |
| 26           Defendants. | ) |
| 27 _____ | ) |

28

Defendants Songs of Universal, Inc., Polygram Publishing, Inc., erroneously sued as "Universal – Songs of Polygram International, Inc.," and EMI Blackwood Music, Inc. (collectively, "Defendants"), answer the Complaint of plaintiff AOM Music, Inc. ("Plaintiff"), as follows:

### "NATURE OF ACTION"[1]

1.     Answering paragraph 1 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that the Complaint purports to assert a claim for copyright infringement under 17 U.S.C. §§ 101, *et seq*, lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that "Besa Tu Cuerpo," "Chocha Con Bicho," and "Sigan Bailando" are copyrighted musical works and that Plaintiff owns copyrights in those musical works, and on that basis deny those allegations, and otherwise deny the remaining allegations in that paragraph.

### "PLAINTIFF"

2.     Answering paragraph 2 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

### "DEFENDANTS"

3.     Answering paragraph 3 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

4.     Answering paragraph 4 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

---

[1]     Defendants include the section headings from the Complaint in this Answer purely for ease of organization; to the extent those headings include any allegations of fact, Defendants deny each and every allegation thereof.

5.     Answering paragraph 5 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

6.     Answering paragraph 6 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

7.     Answering paragraph 7 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

8.     Answering paragraph 8 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

9.     Answering paragraph 9 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

10.    Answering paragraph 10 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

11.    Answering paragraph 11 of the Complaint, Defendants admit that EMI Blackwood Music, Inc. is a corporation organized and existing under the laws of the State of Connecticut and that it maintains its principal place of business in New York, New York.

12.    Answering paragraph 12 of the Complaint, Defendants admit that Songs of Universal, Inc., is a corporation organized and existing under the laws of the State of California, but otherwise denies the remaining allegations in this paragraph.

13.    Answering paragraph 13 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

14.     Answering paragraph 14 of the Complaint, Defendants admit that Polygram Publishing, Inc., incorrectly sued as "Universal – Songs of Polygram International, Inc.," is a corporation and that it maintains its principal place of business in Santa Monica, California, but otherwise denies the remaining allegations in this paragraph.

15.     Answering paragraph 15 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

16.     Answering paragraph 16 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

## **"JURISDICTION AND VENUE"**

17.     Answering paragraph 17 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that Plaintiff contends this Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), insofar as Plaintiff purports to assert a claim under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, and deny that this Court has supplement jurisdiction over any state law claims under 28 U.S.C. § 1367.

18.     Answering paragraph 18 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that venue is proper in this judicial district, but otherwise deny the remaining allegations in that paragraph.

## "ALLEGATIONS COMMON TO ALL CAUSES OF ACTION"
### "BM Records and DJ Playero"

19.     Answering paragraph 19 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

20.     Answering paragraph 20 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

21.     Answering paragraph 21 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

22.     Answering paragraph 22 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

23.     Answering paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

24.     Answering paragraph 24 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

25.     Answering paragraph 25 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

26.     Answering paragraph 26 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

///

///

27.     Answering paragraph 27 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

### **"Bad Bunny and 'Safaera'"**

28.     Answering paragraph 28 of the Complaint, Defendants admit that Plaintiff purports to include quotes from a magazine article, state that the document speaks for itself, and to the extent a further response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that paragraph and, on that basis, deny those remaining allegations.

29.     Answering paragraph 29 of the Complaint, Defendants admit that Plaintiff purports to include quotes from a magazine article, state that the document speaks for itself, and to the extent a further response is required, lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that paragraph and, on that basis, deny those remaining allegations.

30.     Answering paragraph 30 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

31.     Answering paragraph 31 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of contained therein and, on that basis, deny those allegations.

32.     Answering paragraph 32 of the Complaint, Defendants admit that Mr. Ocasio, Mr. Masis, Mr. Acevedo, Mr. Rosa, and Mr. Gonzales  are each credited as writers of "Safaera," that Defendants serve as music publishers for "Safaera," but Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of contained therein and, on that basis, deny those remaining allegations.

///

///

5

**"Infringement of Plaintiff's Works on 'Safeara'"**

33.  Answering paragraph 33 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

34.  Answering paragraph 34 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants admit that Exhibit 1 to the Complaint appears to include copies of transcriptions of musical compositions, state that the document speaks for itself, and to the extent a further response is required, deny the remaining allegations in that paragraph.

35.  Answering paragraph 35 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

"**FIRST CAUSE OF ACTION**

**DIRECT COPYRIGHT INFRINGEMENT**

**(Against All Defendants)"**

36.  Answering paragraph 36 of the Complaint, Defendants repeat and reallege their responses set forth above in paragraphs 1 through 35 as if fully set forth herein.

37.  Answering paragraph 37 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

38.  Answering paragraph 38 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead

thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

39.     Answering paragraph 39 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

40.     Answering paragraph 40 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

41.     Answering paragraph 41 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

42.     Answering paragraph 42 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

43.     Answering paragraph 43 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

"**SECOND CAUSE OF ACTION**

**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

**(Against All Defendants)"**

44.     Answering paragraph 44 of the Complaint, Defendants repeat and reallege their responses set forth above in paragraphs 1 through 43 as if fully set forth herein.

45.     Answering paragraph 45 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

46.     Answering paragraph 46 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

47.     Answering paragraph 47 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

48.     Answering paragraph 48 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

49.     Answering paragraph 49 of the Complaint, to the extent the allegations contained therein allege conclusions of law, Defendants are not required to plead thereto; to the extent the allegations in that paragraph are deemed to be allegations of fact, Defendants deny the allegations in that paragraph.

## **FIRST AFFIRMATIVE DEFENSE**[2]

### **(Failure to State a Claim)**

50.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

///

---

[2]     To the extent that the burden of proof of any matter raised or mentioned in the following defenses lies with plaintiff, Defendants raise the defense out of an abundance of caution and do not thereby assume that burden of proof.

1                  **SECOND AFFIRMATIVE DEFENSE**

2                  **(Plaintiff's Lack of Standing)**

3       51.    Plaintiff lacks standing to assert the claims that plaintiff alleges in this

4 action.

5                  **FOURTH AFFIRMATIVE DEFENSE**

6   **(Plaintiff's Lack of Ownership of the Allegedly Copied Material)**

7       52.    Plaintiff does not own the copyright or any other rights in or to the

8 portions of the claimed works that are allegedly copied in *Safaera*.

9                  **FIFTH AFFIRMATIVE DEFENSE**

10       **(Failure to Comply with Copyright Act Formalities)**

11       53.    Plaintiff's claims and/or remedies Plaintiff seeks are barred by the failure

12 to comply with the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not

13 limited to 17 U.S.C. §§ 401 and 408, and each of them.

14                  **SIXTH AFFIRMATIVE DEFENSE**

15                  **(Independent Creation)**

16       54.    The allegedly infringing work was created independently of the allegedly

17 infringed work.

18                  **SEVENTH AFFIRMATIVE DEFENSE**

19          **(Lack of Originality or Protectability)**

20       55.    The allegedly copied elements or materials lack originality or otherwise

21 are not protected by copyright.

22                  **EIGHTH AFFIRMATIVE DEFENSE**

23           **(Alleged Infringement De Minimis)**

24       56.    Without admitting the use of any copyrighted material allegedly owned

25 by Plaintiff, which is denied, the alleged use is de minimis.

26 ///

27 ///

28 ///

1

## NINTH AFFIRMATIVE DEFENSE

2

### (Fair Use)

3    57.   Without admitting the alleged use of any copyrighted material allegedly

4    owned by Plaintiff, which is denied, the conduct of which Plaintiff complain

5    constitutes fair use.

6

## TENTH AFFIRMATIVE DEFENSE

7

### (Unclean Hands)

8    58.   Upon information and belief, Plaintiff is barred by the doctrine of unclean

9    hands from asserting the claims it asserts and/or remedies it seeks.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

### (Abandonment)

12    59.   Plaintiff abandoned the copyright, or the allegedly infringed copyright

13    rights, in the allegedly-infringed works.

14

## TWELFTH AFFIRMATIVE DEFENSE

15

### (Waiver)

16    60.   Plaintiff's claims and/or remedies Plaintiff seeks are barred by the

17    doctrine of waiver.

18

## THIRTEENTH AFFIRMATIVE DEFENSE

19

### (License)

20    61.   Without admitting the use of any copyrighted material allegedly owned

21    by Plaintiff, which is denied, the conduct of which Plaintiff complains was impliedly

22    and/or expressly licensed.

23

## FOURTEENTH AFFIRMATIVE DEFENSE

24

### (Innocent Infringement)

25    62.   Without admitting any infringement, which is denied, the alleged

26    infringements were innocent.

27    ///

28    ///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

63.   The alleged infringements, or remedies Plaintiffs seek, or Plaintiff's claim of authorship or ownership of the allegedly infringed copyright, are barred in whole or part by statutes of limitation, including, *inter alia*, 17 U.S.C. § 507(b).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

64.   Plaintiff's claims and/or remedies Plaintiff seeks are barred by the doctrine of waiver.

65.   Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER FOR RELIEF

**WHEREFORE**, defendants Songs of Universal, Inc., Polygram Publishing, Inc., erroneously sued as "Universal – Songs of Polygram International, Inc.," and EMI Blackwood Music, Inc. pray for judgment as follows:

1.   That Plaintiff take nothing by way of its Complaint and that the Complaint be dismissed, with prejudice;

2.   That Defendants be awarded their costs and attorneys' fees; and

3.   For such other and further relief as the Court deems just and proper.

Dated: January 3, 2022

_____/s/ Peter Anderson_____
Peter Anderson, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
SONGS OF UNIVERSAL, INC.,
POLYGRAM PUBLISHING, INC., and
EMI BLACKWOOD MUSIC, INC.

1

## **DEMAND FOR JURY TRIAL**

2           Defendants Songs of Universal, Inc., Polygram Publishing, Inc., erroneously

3  sued as "Universal – Songs of Polygram International, Inc.," and EMI Blackwood

4  Music, Inc respectfully demand trial by jury.

5

6  Dated: January 3, 2022

                              _____/s/ Peter Anderson_____

7                                    Peter Anderson, Esq.

                         DAVIS WRIGHT TREMAINE LLP

8                              Attorneys for Defendants

                         SONGS OF UNIVERSAL, INC.,

9                       POLYGRAM PUBLISHING, INC., and

                       EMI BLACKWOOD MUSIC, INC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28